UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Francesca I. MORRIS,<br>    Plaintiff,<br><br>    v.<br><br>Tina ALMOND. Director,<br>San Antonio Field Office,<br>US Citizenship and Immigration<br>Services; Mario ORTIZ, Director,<br>San Antonio District Office, US<br>Citizenship and Immigration Services<br>Ken CUCCINELLI, Director, US<br>Citizenship and Immigration Services,<br>Kevin K. MCALEENAN, Acting<br>Secretary, Department of Homeland<br>Security; Conn SCHRADER, Director<br>National Visa Center,<br>William P. BARR, Attorney<br>General. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. _____<br><br><br>Agency Nos.<br>MSC1390099758,<br>LGS2013760013,<br>A096 652 137. |

<u>PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT
IN THE NATURE OF MANDAMUS,
AND FOR DECLARATORY JUDGMENT</u>

    COMES NOW, FRANCESCA I. MORRIS, Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1

1. This action is brought against the Defendants to compel action on a Petition for Alien Relative (Form I-130), hereinafter referred to as "petition," properly filed by the Plaintiff on behalf of her husband David Babatunde Abayomi.  Simply put, the Plaintiff's petition was approved by Defendant U.S. Citizenship and Immigration Service (USCIS) in 2013. After initial approval and forwarding to Defendant National Visa Center (NVC) and the U.S. Consulate in Lagos, Nigeria, the petition was returned to Defendant USCIS for further review and Defendant USCIS reaffirmed their approval of the petition and stated in writing that said petition has been sent to the National Visa Center on September 8, 2017.  In spite of the written statement by Defendants that the petition has been sent to the National Visa Center, the petition apparently remains (for over two years now) within the jurisdiction of the Defendants who have improperly withheld action on said petition to Plaintiff's detriment.

## **PARTIES**

2. Plaintiff Francesca I. MORRIS is a naturalized United States citizen. She is the spouse of David Babatunde Abayomi, and has filed an Immigrant Visa petition on his behalf on October 10, 2012.
3. Defendant Tina ALMOND is the Director of the San Antonio Field Office, an office of the United States Citizenship and Immigration Service (USCIS).  Her jurisdiction includes the Plaintiff's residence. She is sued in her official capacity only.

4. Defendant Mario ORTIZ, is the Director of the San Antonio District Office, an office of the United States Citizenship and Immigration Service (USCIS). His jurisdiction includes the Plaintiff's residence. He is sued in his official capacity only.

5. Defendant Ken CUCCINELLI, is the Director of the United States Citizenship and Immigration Service (USCIS). He is responsible for the administration and implementation of the immigration laws, in particular his jurisdiction is nation-wide and includes oversight of the receipt and adjudication of petitions for alien relatives, as in the instant case. He is sued in his official capacity only.

6. Defendant Conn SCHRADER, is the Director of the National Visa Center (NVC). He is responsible for the administration and scheduling of immigrant visa petitions for the United States consulates abroad. His jurisdiction is nation-wide and includes the Plaintiff's residence. He is sued in his official capacity only.

7. Defendant, Kevin MCALEENAN, is the Acting Secretary of the Department of Homeland Security (DHS). He is responsible for the administration, implementation and enforcement of the immigration laws pursuant to 8 U.S.C. section 1103(a). He is sued in his official capacity only.

8. Defendant, William P. BARR, is the Attorney General of the United States, and is authorized by law to administer and enforce the immigration laws pursuant to 8 USC section 1103(g). He is sued in his official capacity only.

## **JURISDICTION**

9. Jurisdiction in this case is proper under 28 U.S.C. section 1331 (federal question) and 1361 (mandamus), 5 U.S.C. section 701 et. Seq. (the Administrative Procedures Act), 28 U.S.C. 2201 et. Seq. (Declaratory Judgment Act). This Honorable Court enjoys plenary power to issue all necessary writs. 28 U.S.C. § 1651. The issue presented is one of federal law and/or regulation. Relief is requested pursuant to said statutes.

## **VENUE**

10. Venue is proper in this court, pursuant to 28 USC section 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred, and where the Plaintiff resides, and no real property is involved. More specifically, Plaintiff's petition was properly filed, approved and, to Plaintiff's knowledge, remains in the custody of the San Antonio Field Office-US Citizenship and Immigration Services (USCIS).

## **EXHAUSTION OF REMEDIES**

11. The Plaintiff has exhausted all administrative remedies. The petition was properly filed with the Defendants on October 10, 2012, and approved on September 8, 2017. The Plaintiff, personally and through

counsel, has made numerous inquiries with Defendants with USCIS, and the National Visa Center over the course of several years as to the status of the petition to no avail. Defendants have not established any reasonable alternative means by which the Plaintiff could resolve this matter short of litigation.

## STATEMENT OF FACTS

12. The Plaintiff filed her petition for her spouse with Defendants employed by USCIS on October 10, 2012. The petition was approved shortly thereafter, and the petition was forwarded to the National Visa Center for processing.
13. At some point the National Visa Center returned the petition to USCIS for further review. USCIS completed that review and affirmed the approval of the Plaintiff's petition and stated that they would forward the petition again to the National Visa Center for processing on September 8, 2017.
14. Over two years have now elapsed since the Plaintiff's petition was approved and Defendant ALMOND's predecessor represented that it had been forwarded to the National Visa Center for processing, yet no action has been taken on the matter by any Defendant to date.

## CAUSE OF ACTION

ACTION UNREASONABLY WITHHELD IN VIOLATION OF
THE ADMINISTRATIVE PROCEDURES ACT

15. Mandamus is an "extraordinary remedy" and requires a plaintiff "to satisfy three jurisdictional prerequisites: (1) the plaintiff has a clear right to the relief sought; (2) the defendant holds a plainly defined and mandatory, nondiscretionary duty to do the act in question; and, (3) no other adequate remedy is available." *Mustafa, et al. v. Pasquerell, et al.*, 2006 U.S. Dist. LEXIS 8047 at 7, citing *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992) and *United States v. O'Neil*, 767 F.2d 1111, 1112 (5th Cir. 1985).

16. The Administrative Procedures Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 USC § 555. A District Court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 USC § 706(1). The Court also may hold unlawful and set aside agency action that, inter alia, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 USC § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 USC § 706(2)(C); or "without observance of procedure required by law," 5 USC § 706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 USC § 551(13).

17. The duty owed by Defendants to the Plaintiff is statutory. 8 USC § 1154(b); INA § 204(b). Defendants have a "duty" to determine whether a visa petition should be granted, based on the relationship asserted. The statute in question states in relevant part, "[a]fter an investigation of the facts in each case…the Attorney General shall, if he determines that the facts stated in the petition are true and that the

alien in behalf of whom the petition is made is an immediate relative specified in section 201(b) [1151(b)] of this title…, approve the petition and forward one copy thereof to the Department of State." 8 USC § 1154(b); INA 204(b).

18. In the context of the statute, "shall" is directly referring to "approve," expressing Congress' intent that the visa petition be approved upon verification of the validity of the relationship upon which the petition is based. The Defendants duty to adjudicate the Plaintiff's visa petition is clearly not discretionary, as they are called by statute to render a decision, and that decision is based solely on the validity of the relationship asserted, irregardless of any other factors.

19. The failure of the Defendants to forward the approved visa petition to the National Visa Center violates the Administrative Procedures Act, 5 USC § 555(b); 5 USC §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D).

20. Defendants ALMOND and ORTIZ have made no showing that they have exercised due diligence in sending the petition to the National Visa Center, nor are there any statutory grounds to permit such an unreasonable delay in performing their ministerial duties under the law.

21. Assuming that the petition has in fact been forwarded to Defendant SCHRADER, at the National Visa Center (NVC), the same cause of action will apply in order to ensure the completion of his ministerial duties.

22. Defendant's refusal to act properly in this case is arbitrary and not in accordance with the laws and regulations of the United States. Defendants willfully, and unreasonably, have delayed and have refused to transfer the Plaintiff's petition to the National Visa Center

thereby depriving her of the unity of her family for a prolonged period of time and the peace of mind to which Plaintiff is entitled.

23. Accordingly, the Plaintiff has been forced to retain the services of an attorney to pursue the instant action.

## REQUEST FOR DECLARATORY RELIEF

24. For all the reasons outlined, *supra,* which are incorporated and re-urged herein as if fully set forth verbatim, the Plaintiff respectfully request declaratory relief in the form of the entry of a decree which specifies the rights and liabilities of the parties to the instant litigation. To wit, the Plaintiff respectfully requests a declaration that the Defendants have unlawfully withheld and unreasonably delayed action owed to Plaintiff. The Plaintiff also request that this Honorable Court retain continuing jurisdiction over this civil action and that, after reasonable notice of hearing and hearing had, it enter any further declaratory, mandatory, or other injunctive order that is necessary to enforce any declaratory judgment. *See* 28 U.S.C. § 2412(d)(1)(A).

## REQUEST FOR ATTORNEY FEES AND COSTS

25. The Plaintiff is entitled to recover reasonable attorney's fees and costs of court, both of which she respectfully requests under the Equal Access to Justice Act. 28 U.S.C. § 2412. The position of the Defendants herein is not substantially justified, and no circumstances exist which would render an award of fees and costs unjust. 28 U.S.C. § 2412(d)(1)(A).

## **PRAYER**

26. WHEREFORE, PREMISES CONSIDERED, in view of the arguments and authority noted herein, the Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

    (a) requiring Defendants to forward the Plaintiffs' petition and transfer the file to the National Visa Center within one (1) week from the date of judgment;

    (b) issue a declaratory judgment stating that Defendants' refusal to forward the approved visa petition to the National Visa Center is arbitrary and capricious, clearly contrary to law, and an abuse of discretion, and that Plaintiff is entitled to prompt adjudication of her petition, as per statute and regulation;

    (c) awarding Plaintiff reasonable attorney's fees; and

    (d) granting such other relief at law and in equity as justice may require.

Respectfully submitted,

/s/Lawrence E. Rushton

Lawrence E. Rushton
The Rushton Law Firm
Counsel for Plaintiff
Texas Bar No. 24037411

5909 West Loop South, Ste. 150  
Bellaire, Texas   77401  
(713)838-8500  
(713)838-9826 Fax

## **LIST OF ATTACHMENTS**

Exhibit			Description

1			Copy of Notice of Approval of Relative Immigrant Visa Petition.

# **CERTIFICATE OF SERVICE**

I, Lawrence E. Rushton, hereby certify that a true and correct copy of the foregoing "Plaintiff's Original Complaint for Writ in the Nature of Mandamus", including all attachments, will be served on Defendants via US Postal Service Certified mail addressed as follows:

William P. Barr
Attorney General
US Department of Justice
950 Pennsylvania Ave, NW
Washington, DC  20530-0001

Kevin McAleenan
Acting Secretary
US Department of Homeland Security
Washington, DC 20528

Tina Almond
Director, San Antonio Field Office
US Citizenship and Immigration Services
20760 U.S. Highway 281, Ste. A
San Antonio, TX 78258

Mario Ortiz
Director, San Antonio District Office
US Citizenship and Immigration Services
20760 U.S. Highway 281, Ste. A
San Antonio, TX 78258

Conn Schrader
Director, National Visa Center
Department of State
32 Rochester Ave.
Portsmouth, NH 03801

Ryan K. Patrick
US Attorney
1000 Louisiana, Ste. 2300
Houston, TX  77002


On this the 29th day of October 2019.

Respectfully submitted,

/s/Lawrence E. Rushton

Lawrence E. Rushton
The Rushton Law Firm
Counsel for Plaintiff
Texas Bar No. 24037411
5909 West Loop S., Ste. 150
Bellaire, Texas   77401
(713)838-8500
(713)838-9826 Fax